ENGRACIA SÁNCHEZ, Plaintiff and Appellant, v. SUCCRS. OF ARMSTRONG BROS., S. en C., Defendant and Appellee.

No. 5070. Argued April 4, 1930.—Decided July 28, 1931.

*A. Suliveres Rivera* for appellant. *Ramón Dapena* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Plaintiff brought this action to recover the money equivalent of a homestead interest in certain property sold in a summary mortgage foreclosure proceeding, and appeals from an adverse judgment.

The district judge held that the complaint did not state facts sufficient to constitute a cause of action in that it did not allege a demand upon the marshal for the retention of any part of the proceeds from the sale in the foreclosure proceeding, nor that it was incumbent on the mortgage creditor, defendant herein, to instruct the marshal to retain any part of such proceeds.

The complaint did allege that the marshal had not retained the $500 fixed by the Homestead Law as the amount of the homestead exemption, and that defendant had not deposited the said amount in court. This was enough to show that plaintiff had not received the statutory amount of her homestead exemption and that there was no money in the custody of the court out of which her claim might be satisfied. The claim was not one for damages arising out of any failure on the part of defendant herein (plaintiff in

the mortgage foreclosure proceeding) to instruct the marshal to retain in his possession an amount sufficient to cover the homestead exemption. Any demand upon the marshal, or any other attempt to enforce a claim to the homestead exemption, in the summary foreclosure proceeding would have been futile. *Cueto* v. *District Court et al.,* 37 P.R.R. 227, *Hedilla* v. *Monagas et al.,* 38 P.R.R. 24. Neither the making of such a demand nor the existence of a duty on the part of the plaintiff in a foreclosure proceeding to deposit the amount of the homestead exemption is a prerequisite to the commencement of an action for the enforcement of a claim to that exemption. It follows that neither an averment as to such previous demand nor an averment as to the existence of such duty is essential to the statement of a cause of action. The case of *Dávila* v. *Martínez et al.,* 37 P.R.R. 786, cited by the district judge is not in point.

The district judge also held that plaintiff was not entitled to recover on the merits for the reason that the evidence disclosed the existence of other property belonging to her not involved in the foreclosure proceeding whereby she was deprived of her homestead. The case of *Dávila* v. *Sotomayor,* 35 P.R.R. 726 cited in this connection is not authority for the view so taken. Under our statute the right to a homestead does not depend upon the existence or nonexistence of other property owned by the claimant.

The judgment appealed from must be reversed and in lieu thereof the judgment of this Court will be entered in favor of plaintiff and against the defendant for $500 and costs.

Mr. Justice Aldrey and Mr. Justice Texidor concur in the result.